☑ FILED          ☐ LODGED
___ RECEIVED  ☐ COPY

SEP 0 9 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ B DEPUTY

1   Anthony Camboni
    Shannon Chaboudy
2   Pro Per
    7239 E. Pueblo Avenue
3   Mesa, AZ 85208
    Tel: (480) 239-3653
4   AJosephEsq@Yahoo.com
    Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **ANTHONY CAMBONI; SHANNON CHABOUDY** | Case No.: **CIV 11 1784 PHX DGC** |
| **Plaintiffs** | **COMPLAINT** |
| vs. | **(1) RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS AND DAMAGES FROM RACKETEERING, CONSPIRACY TO ENGAGE IN A PATTERN OF RACKETEERING ACTIVITY, AND RELATED CLAIMS; (2) DECLARATORY RELIEF** |
| **MGM GRAND HOTEL, LLC; MGM MIRAGE, INC. a Deleware Corporation; MGM RESORTS INTERNATIONAL, a Nevada Corporation; STUDIO 54; LEWIS AND ROCA, LLC; JOSE CARDENAS; JANE DOE CARDENAS; JOHN L. KRIEGER, JANE DOE KRIEGER; LIZZETTE ALAMEDA ZUBEY; EDWARD "EDDY" ZUBEY; KENNETH VAN WINKLE, JR; JANE DOE VAN WINKLE; et al** | |
| **Defendants** | |

## INTRODUCTION

Plaintiffs Anthony Camboni and Shannon Chaboudy bring this Complaint against the above-named Defendants, their employees, agents and in support thereof alleges the following upon information and belief.

## NATURE OF THE CASE

This is an action for Racketeer Influenced Corrupt Organizations under Federal Statutes.

Plaintiff seeks treble damages for taking of private property (STUDIO54.MOBI) under false pretenses. Defendants obtained Internet Domain Name STUDIO54.MOBI from Plaintiff by and through deception, fraud, harassment, extortion, coercion and threat.

1    Plaintiffs seek Treble Damages, Attorneys' Fees and Costs.

2    Plaintiff seeks treble damages for value of Internet Domain Name STUDIO54.MOBI and

3    payment of rent for usage of Internet Domain Name STUDIO54.MOBI.

4    Plaintiff seeks treble damages for harm done to Plaintiff's Business and Ministry.

5    Plaintiff seeks treble damages for harm done to Plaintiff's reputation.

6    Plaintiff's Complaint results from harassment, extortion, coercion, etc. by Defendants in relation

7    to Plaintiff's Lawful registration of Internet Domain Name "STUDIO54.MOBI". Plaintiff believes

8    Defendants violated Federal Law(s).

9                                   **JURISDICTION AND VENUE**

10    1.    This action arises under the laws of the United States. Jurisdiction is conferred on this

11    Court pursuant to 18 U.S.C. § 1961–1968,

12    This Court has supplemental jurisdiction over Plaintiff's state and Common Law claims pursuant

13    to 28 U.S.C §.1367(a); 28 U.S.C. § 1331, 1332.

14    Venue is proper under 28 U.S.C. § 1391(b)(1)(2); (c) because a substantial part of the events or

15    omissions giving rise to the claims occurred in this judicial district and because this is the judicial district

16    in which the Plaintiff resides.

17                                          **PARTIES**

18    1. Plaintiff Anthony Camboni is an individual residing in Mesa, Arizona.

19    2. Plaintiff Shannon Chaboudy was Plaintiff Anthony Camboni's Wife.

20    3. Plaintiff Anthony Camboni is a Christian Minister aka Christian Ambassador.

21    The mission of Plaintiff's Ministry is as follows:

22    a. To promote Christian Values in a Non-Confrontational Manner while adhering to Judeo-

23    Christian ethics.

24    b. To trick the ignorant into surrendering their will and treasure to God, via Plaintiff.

25    As a Christian Ambassador Plaintiff takes a strong public stand against corruption, pedophilia,

26    racism and the Anti-Gun agenda.

27    4. Upon information and belief, Defendant MGM Grand Hotel, LLC is a limited liability company

28    with it's principal place of business in Las Vegas, Nevada.

5. Upon information and belief

a. Defendant MGM MIRAGE is a Delaware Corporation.

b. Defendant MGM Resorts International - is a Delaware Corporation with it's principal place of business in Paradise, Nevada.

6. Upon information and belief, Defendant STUDIO 54 is a Las Vegas Gay Bar owned, managed and controlled by Defendant MGM MIRAGE - aka Defendant MGM Resorts International, Defendant MGM Grand Hotel and Defendant Studio 54 Nightclub.

7. Upon information and belief, Defendant Lewis and Roca, LLC is a Law Firm with it's principal place of business in Phoenix, Arizona.

8. Upon information and belief, Defendant Jose Cardenas Esq. is Chairman of Defendant Lewis and Roca, LLC.

9. Upon information and belief, Defendant Jane Doe Cardenas is the Wife of Defendant Jose Cardenas Esq.

10. Upon information and belief, Defendant John L Krieger Esq. is a Partner at Defendant Lewis and Roca, LLC.

11. Upon information and belief, Defendant John Doe Krieger is the Wife of Defendant John L. Krieger Esq..

12. Upon information and belief, Defendant Lizzette Alameda Zubey Esq. is/was an Associate at Defendant Lewis and Roca, LLC as well as President of Los Abogados - The Hispanic Bar Association.

13. Upon information and belief, Defendant Edward "Eddy" Zubey is the Husband of Defendant Lizzette Alameda Zubey Esq. and a Football Coach at St. Mary's / Higley High School in Arizona.

14. Upon information and belief, Defendant Kenneth Van Winkle Jr. Esq. is Managing Partner at Defendant Lewis and Roca, LLC.

15. Upon information and belief, Defendant Jane Doe Van Winkle is the Wife of Defendant Kenneth Van Winkle Jr. Esq..

## ALLEGATIONS COMMON TO ALL COUNTS

14. On or about October 30, 2006 Plaintiff legally registered the STUDIO54.MOBI Internet

Domain Name with GoDaddy.com, Inc. ("GoDaddy") a domain name registrar.

15. Plaintiff legally registered STUDIO54.MOBI during the General/Public Registration period (aka **"Landrush Registration Period"**) which followed the **"Sunrise Registration Period"** reserved exclusively for Trademark holders.

16. Defendant MGM MIRAGE failed to register STUDIO54.MOBI during the **"Sunrise Period"** despite claims it holds Trademark(s) of "STUDIO 54". Plaintiff's LEGAL registration of Internet Domain Name STUDIO54.MOBI occurred during the **"General/Public"** - aka **"Landrush"** period.

17. Plaintiff made NO use of Internet Domain Name STUDIO54.MOBI. Plaintiff collected NO earnings, revenue or financial gain from registration of Internet Domain Name STUDIO54.MOBI. In fact, Plaintiff LOST MONEY related to registration of Internet Domain Name STUDIO54.MOBI

18. Plaintiff did NOT violate ANY Trademark(s) allegedly held by Defendant MGM MIRAGE, LLC, Defendant MGM Resorts International, Defendant MGM Grand Hotel and/or Defendant STUDIO 54 Nightclub. In fact and truth, all traffic to and from STUDIO54.MOBI was determined by "GoDaddy" from time of registration until Plaintiff VOLUNTARILY redirected ALL internet traffic to Defendant MGM MIRAGE, LLC, Defendant MGM Resorts International, Defendant MGM Grand Hotel and/or Defendant Studio 54 Nightclub's STUDIO54.COM web site of Plaintiff's own volition (on or about March 30, 2007).

19. In or around March 10, 2007, Plaintiff was contacted by "GoDaddy" regarding a potential Trademark issue related to Plaintiff's registration of STUDIO54.MOBI. Plaintiff was provided contact information for Defendant John L. Krieger, Esq. Plaintiff immediately contacted Defendant John L. Krieger, Esq. regarding the potential issue.

20. Plaintiff, a Christian Minister, IMMEDIATELY and VOLUNTARILY Re-Directed ALL internet traffic to STUDIO54.COM of Plaintiff's own volition. Plaintiff is a Musician/Vocalist who respects and appreciates Intellectual Property Rights. Plaintiff Re-Directed all internet traffic to Defendant's STUDIO54.COM web site as a demonstration of Good Faith by Plaintiff. In fact, Defendant John L. Krieger, Esq. thanked Plaintiff for Plaintiff's cooperation.

21. Defendant John L. Krieger Esq., acting on behalf of Defendant Lewis and Roca, LLC, Defendant MGM Grand Hotel, Defendant MGM Mirage / Defendant MGM Resorts International and

1   Defendant Studio 54 Nightclub, provided Plaintiff with a contract proposal regarding the transfer of

2   Internet Domain Name STUDIO54.MOBI to Defendant MGM MIRAGE Inc. / Defendant MGM Resorts

3   International - Defendant Studio 54 Nightclub - and/or Defendant MGM Grand Hotel. Plaintiff was to

4   review the contract proposal and re-submit the contract proposal (including any corrections / objections)

5   to Defendant John L. Krieger, Esq..

6       22. Plaintiff received and reviewed the contract proposal. Plaintiff requested a clause regarding

7   "Confidentiality" be removed.

8       23. Plaintiff was instructed (by Defendant John L. Krieger, Esq.) to sign the contract as written,

9   which included the "Confidentiality" clause to which Plaintiff had previously objected. Defendant

10   John L. Krieger, Esq., acting on behalf of Defendant MGM MIRAGE, Inc. / Defendant MGM Resorts

11   International, Defendant MGM Grand Hotel, Defendant Lewis and Roca, LLC and Studio 54 Nightclub

12   threatened Plaintiff with an Unnecessary Lawsuit unless Plaintiff acquiesced to Defendants' demands.

13   (see Exhibit A - Apr 27, 2007 - 5:15 PM - Email from Defendant John Krieger)

14           *On Apr 27, 2007, at 5:15 PM, Krieger, John wrote:*
        *Anthony,*

15           *The confidentiality clause must stay in the agreement. You may tell people that*

16           *you settled the case, but you cannot divulge the terms of the agreement. I hope*
        *that these terms are acceptable. I'd hate for us to get unnecessarily embroiled*

17           *in a lawsuit. Please forward the signed agreement as soon as possible so that we*
        *can complete the transfer.*

18

19           *Also, please forward me a copy of the $25 receipt for the domain name registration*
        *so that we can get you a reimbursement check.*

20

21           *Thanks.*
        *John*

22       24. Plaintiff declined Defendants' requests and/or demands regarding Defendants' proposed

23   contract transferring STUDIO54.MOBI to Defendant MGM Grand Hotel, Defendant MGM Mirage /

24   Defendant MGM Resorts International and Defendant Studio 54 Nightclub. Plaintiff did NOT redirect

25   internet traffic away from Defendants' STUDIO54.COM web site. Defendant MGM Grand Hotel,

26   Defendant MGM Mirage / Defendant MGM Resorts International and Defendant Studio 54 Nightclub

27   still received ALL internet traffic from STUDIO54.MOBI. Plaintiff made NO use of Internet domain

28   Name STUDIO54.MOBI.

25. On or about September 09, 2007, Plaintiff was informed by "GoDaddy" that Plaintiff was being sued by Defendants for alleged Trademark Violations. Plaintiff's Legally Registered Domain Name - STUDIO54.MOBI - was "placed on hold and locked" pending trial. In fact, Plaintiff's property, which Defendants claim to have a minimum value of $75,000, was apparently "seized" by GoDaddy. com by order of a Federal Court. The request that Plaintiff's legally-registered Internet Domain Name be "placed on hold and lock" was made by Defendant MGM Grand Hotel, Defendant MGM MIRAGE / Defendant MGM Resorts International, Defendant Studio 54 Nightclub, Defendant Lewis and Roca, Defendant John L. Krieger, Esq. and Defendant Lizzette Alameda Zubey, Esq..

26. On or about September 13, 2007, Plaintiff was served with Defendants' Six Count Federal Lawsuit despite Plaintiff's repeated attempts to transfer Internet Domain Name STUDIO54.MOBI to Defendants at NO COST. (see Exhibit L - Page 1 of Defendants' Six Count Federal Lawsuit 09/11/2007)

27. Defendants, by and through the unnecessary filing of a Temporary Restraining Order Without Notice attempted to have Plaintiff's Internet Domain Name, STUDIO54.MOBI, transferred to Defendant MGM MIRAGE / Defendant MGM Resorts International / Defendant MGM Grand Hotel / Studio 54 Nightclub by The Federal Court without notification of Plaintiff. Defendants' UNNECESSARY, MALICIOUS filing was a purposeful act of harassment designed to intimidate, coerce and extort Plaintiff's acquiescence to Defendants' demands.

28. Defendants' request for a Temporary Restraining Order Without Notice alleged "irreparable harm" might result from Plaintiff's repeated acts of Good Will and Cooperation! Defendant's request was DENIED by the Federal Court.

29. September 17, 2007 1:46:04 PM MST Plaintiff emailed Defendant Lizzette Alameda Zubey Esq. (representing MGM / Studio 54 Defendants) offering to transfer registration of Internet Domain Name STUDIO54.MOBI to Defendants an NO COST. Plaintiff requested Defendants dismiss their Unnecessary Six Count Federal Lawsuit against Plaintiff with prejudice. Once again, Defendants refused to accept transfer of Internet Domain Name STUDIO54.MOBI to Defendants while refusing to dismiss their Malicious Six Count Federal Harassment Lawsuit filed against Plaintiff. (see Exhibit B - zubey_ac_email_01.rtf)

30. Defendants, once again, refused to receive transfer of Internet Domain Name STUDIO54.

MOBI. Defendants refused to accept transfer of Internet Domain Name STUDIO54.MOBI because Plaintiff would not sign Defendants' contract. Plaintiff was under NO obligation to sign ANY contract with Defendants.

31. Plaintiff was summoned to appear at a hearing September 20, 2007. Plaintiff, again, offered to transfer Internet Domain Name STUDIO54.MOBI to Defendants. Defendants refused to accept transfer of Internet Domain Name STUDIO54.MOBI. Specifically, Plaintiff spoke with Defendant Lizzette Alameda Zubey, Esq. of Defendant Law Firm Lewis and Roca in person regarding transfer of Internet Domain Name - STUDIO54.MOBI.

32. Defendant Lizzette Alameda Zubey, acting on behalf of Defendant MGM MIRAGE / Defendant MGM Resorts International, Defendant Studio 54 Nightclub and Defendant MGM Grand Hotel refused to dismiss their Six Count Federal Lawsuit with prejudice and accept transfer of Internet Domain Name - STUDIO54.MOBI. Defendant Lizzette Alameda refused to accept transfer of Internet Domain Name STUDIO54.MOBI to MGM Defendants. Defendants used their Unnecessary Six Count Federal Harassment Lawsuit and a United States Federal Court as a means to  coerce Plaintiff into acquiescence to Defendants demands.

33. While in a hearing in United States Federal Court on October 02, 2007, Defendants FINALLY accepted transfer of Internet Domain Name STUDIO54.MOBI. Remarkably, Defendants REFUSED TO DISMISS THEIR SIX COUNT FEDERAL HARASSMENT LAWSUIT AGAINST PLAINTIFF WITH PREJUDICE!!! Defendants' refused to dismiss their Malicious Six Count Federal Lawsuit despite NO evidence to support Defendants' claims against Plaintiff.

34. Defendants could have received transfer of Internet Domain Name STUDIO54.MOBI at any time, WITHOUT the filing of Defendants' Six Count Federal Lawsuit. Defendants knowingly wasted the Federal Court's time as well as Plaintiff's time and resources. In fact, Defendants's Unnecessary Federal Lawsuit was a purposeful act designed to harass, intimidate and demean Plaintiff by and through Extortion and Coercion. Defendants received NOTHING MORE THAN PLAINTIFF HAD PREVIOUSLY AND REPEATEDLY OFFERED DEFENDANTS.

35. Defendants used the filing of a SIX COUNT FEDERAL LAWSUIT and a United States Federal Court as a means to harass, intimidate and demean Plaintiff. Plaintiff's reputation has been

severely damaged by Defendants unwarranted, unnecessary harassment. Plaintiff's Small Business and Ministry have been irreparably damaged by Defendants. This ordeal has caused Plaintiff serious financial hardship. Plaintiff has suffered and continues to suffer injury due to Defendants' wrongful actions.

## COUNT ONE

### (Racketeer Influenced Corrupt Organizations - RICO - 18 U.S.C. § 1961–1968)

Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein, at length

36. Defendants have engaged in a pattern of behavior which appears to constitute violation(s) of section 901(a) of the Organized Crime Control Act of 1970 (Pub.L. 91-452, 84 Stat. 922, enacted October 15, 1970). RICO is codified as Chapter 96 of Title 18 of the United States Code, 18 U.S.C. § 1961–1968.

37. Defendants' unwarranted threats, coercion, extortion, harassment and filing of (and refusal to dismiss with prejudice) Defendants' Unnecessary Six Count Federal Lawsuit is evidence supporting Plaintiff's allegations.

38. Defendants have established a pattern of behavior designed to harass, intimidate and manipulate via threat(s), coercion, extortion and the related use of State and Federal Courts to enrich themselves.

39. Defendants use the Judicial System to create controversy by which they benefit financially and personally.

40. Upon information and belief, Defendants have or have had a bad faith intent to profit from their wrongful actions.

42. Upon information and belief, Defendants committed acts intended or designed to disrupt Plaintiff's business, Ministry, reputation and goodwill.

43. Defendants actions have disrupted or are designed to disrupt Plaintiff's business, Ministry and reputation by and through the expense and turmoil associated with complex, time-consuming litigation.

44. As a direct and proximate result of such conduct, Plaintiff has suffered, and will continue to

suffer, monetary loss and irreparable injury to Plaintiff's business, Ministry, reputation and goodwill.

45, Defendant have no legal right, privilege or justification for conduct.

46. Based on the intentional, willful and malicious nature of Defendant's actions, Plaintiff is entitled to recover treble damages, exemplary or punitive damages and reasonable Attorneys' fees, and costs incurred in connection with this action.

47. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

**48. Elements of R.I.C.O.**

In order to establish a RICO violation, Plaintiff will prove

1. The existence of an enterprise,

(a.) Defendant Lewis and Roca is an enterprise.

(b.) Defendants Lizzette Alameda Zubey, Esq., John Krieger, Esq., Kenneth Van Winkle Jr., Esq. and Jose Cardenas, Esq. were/are employees, associates, partners, chairmen, counsel, manager(s) at Defendant Lewis and Roca.

(c.) Defendant MGM Grand Hotel, Defendant MGM MIRAGE, Defendant MGM Resorts International and Defendant Studio 54 Nightclub are enterprises.

2. The defendant's derivation of income from a pattern of racketeering activity,

(a.) Defendants Lewis and Roca, LLC, Lizzette Alameda Zubey, Esq., John Krieger, Esq., Kenneth Van Winkle Jr., Esq. and Jose Cardenas, Esq. derive income from a pattern of racketeering activity.

(b.) Defendant MGM Grand Hotel, Defendant MGM MIRAGE, Defendant MGM Resorts International and Defendant Studio 54 Nightclub are clients of Defendant Lewis and Roca, Defendants Lizzette Alameda Zubey, Esq., John Krieger, Esq., Kenneth Van Winkle Jr., Esq. and Jose Cardenas, Esq. and derive income from a pattern of racketeering activity.

**49. Quote - MGM Spokesman Alan Feldman - (see - Exhibit C)**

*"We're fiercely protective of all our trademarks,"* says MGM spokesman Alan Feldman, who says **the company sues whenever if discovers an infringement of its intellectual property**.

(see Exhibit C - mgm_always_sues_01.eps)

50. Defendant MGM Grand Hotel, Defendant MGM MIRAGE, Defendant MGM Resorts International and Defendant Studio 54 Nightclub derive income and property from the filing of unnecessary / malicious legal actions against individuals and/or businesses who cannot afford the expense associated with defending against unnecessary lawsuits.

51. Defendant Law Firm Lewis and Roca, Lewis and Roca Employees, Associates and Partners profit by and through the repeated filing of malicious legal actions. Plaintiff did NOT violate any Trademark(s) allegedly held by Defendants. Plaintiff did NOT profit from registration of STUDIO54. MOBI. Plaintiff's property was surrendered to Defendants under duress, threat, extortion and coercion by Defendants.

52. Defendants all profited by and through a conspiracy to coerce Plaintiff into surrendering Plaintiff's property while under duress. Defendants' filing in United States Federal Court indicates Defendants' apparent belief that the value of Internet Domain Name STUDIO54.MOBI exceeded/ exceeds $75,000.

53. As such, Defendant MGM Grand Hotel, Defendant MGM MIRAGE, Defendant MGM Resorts International and Defendant STUDIO 54 Night Club and their Attorneys derive income from a pattern of racketeering activity.

54. and

3. the use of any part of that income in acquiring an interest in or operating the enterprise. *United States v. Cauble, 706 F.2d 1322, 1331 (5th Cir. 1983).*

55. Defendants used income derived by and through extortion, coercion, threat and harassment as a means to operate their enterprise(s). Defendants John L. Krieger, Esq., Jose Cardenas, Esq. and Kenneth Van Winkle Jr., Esq. also have acquired the title "Partner" and have acquired an interest in Defendant Lewis and Roca.

56.

4. In addition, there must be a nexus between the claimed violation and the plaintiff's injury, which must flow from the use or investment of racketeering income
*Crowe v. Henry, 43 F.3d 198, 205 (5th Cir. 1995), St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 441 (5th Cir. La. 2000).*

57. Being that Defendant John L. Krieger, Esq. and Defendant Lizzette Alameda Zubey, Esq.

are professional attorneys practicing Trademark and/or Copyright Law, it is reasonable to conclude John L. Krieger, Esq. and Defendant Lizzette Alameda Zubey, Esq. could have and should have advised their client(s) MGM Defendants, to register the Internet Domain Name STUDIO54.MOBI during the "Sunrise Registration Period" which was reserved exclusively for Trademark holders. Registration of Internet Domain Name STUDIO54.MOBI cost less than $30.00 for a two year registration. (see Exhibit D - krieger_strategy_fails_mgm)

58. In fact, Defendant John L. Krieger and/or Defendant Lizzette Alameda Zubey could have registered STUDIO54.MOBI for their client(s) and simply transferred registration to their client(s), thereby avoiding malicious, unnecessary, costly, time-consuming litigation.

59. However, Defendant Lewis and Roca, Defendant John L. Krieger, Esq., Defendant Lizzette Alameda Zubey, Esq., Defendant Jose Cardenas, Esq., Defendant Kenneth Van Winkle Jr., Esq. and their Husbands, Wives, Families and/or Life-Partners FINANCIALLY PROFIT from malicious, unnecessary, costly, time-consuming litigation.

60. MGM Defendants received Plaintiff's services at no cost when Plaintiff forwarded/ redirected all internet traffic to MGM Defendants STUDIO54.COM web site.

61. MGM Defendants received Plaintiff's services at no cost when Plaintiff "Masked" STUDIO54.MOBI.

62. MGM Defendants received "FREE RENT" when Plaintiff redirected all internet traffic to MGM Defendants' STUDIO54.COM web site.

63. MGM Defendants received Plaintiff's property (Internet Domain Name STUDIO54. MOBI) at no cost by and through extortion, coercion, threat, etc..

64. MGM Defendants then used the profit(s) and/or savings from their wrongful actions to have Defendant Lewis and Roca, Defendant John L. Krieger, Esq., Defendant Lizzette Alameda Zubey, Esq. file their unnecessary Six Count Federal Lawsuit against Plaintiff.

65. MGM Defendants have repeatedly used the Courts and U.D.R.P. to avoid paying market-value for Internet Domain Names and as a means to prevent LEGAL use of names, terms and Internet Domain Names for which they claim to hold Trademark(s). (see Exhibit - E - MGM Mirage & the Primadonna Company, LLC v. Young Joon Choi [2002] GENDND 237 (15 February 2002).

webarchive) (see Exhibit K - DECISION.webarchive)

66. Defendants, after filing their malicious Six Count Federal Harassment Lawsuit against Plaintiff, attempted to have a United States Federal Court force Plaintiff to pay MGM Defendants Attorney's Fees, by which Lewis and Roca Defendants, Defendant MGM MIRAGE, MGM Resorts International, Defendant MGM Grand Hotel and Defendant Studio 54 would profit financially.

67. By receiving Plaintiff's legally registered Internet Domain Name by and through extortion, coercion, threat and harassment, Defendants profited from and continue to profit from purposely-created conflict.

> **To establish a RICO claim, a plaintiff must show a violation of the RICO statute, an injury to business or property and that the injury was caused by the violation of the statute** - *De Falco v. Bernas, 244 F.3d 286 (2d Cir. N.Y. 2001).*

68. The term "enterprise," as defined in the Act, includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.  RICO applies to both illegitimate and legitimate enterprises. *United States v. Thevis, 665 F.2d 616 (5th Cir. Ga. 1982).*

69.  A pattern of behavior.

Defendant Lizzette Alameda Zubey, Esq. has exhibited a pattern of behavior designed to intimidate, control and manipulate for publicity and personal profit. (see Exhibit F - cv_07_warden_ zubey_new_times.pdf)

(a.). Defendant Lizzette Alameda Zubey, Esq. made National News when Defendant Lizzette Alameda Zubey, Esq. (as President of Los Abagodos - The Hispanic Bar Association) penned a controversial letter to Arizona Supreme Court Chief Justice, The Honorable Ruth V. McGregor - which was an effort to, yet again, control the speech and actions of individuals by and through intimidation, threat and harassment.

Defendant Lizzette Alameda Zubey, Esq.'s letter included a list of "acceptable" and "unacceptable" words. (see Exhibit G - Copy of Letter) (see Exhibit H - zubey_word_c_seeingredaz_ 01) (see Exhibit I - zubey_word_c_world_net_daily)

(b).  As President of Los Abogados (The Hispanic Bar Association), Defendant Lizzette Alameda Zubey, Esq. permitted and encouraged the same "divisive language" against Legal Americans / Arizona-Citizens when Los Abogados Newsletter - El Grito Legal - published racist articles referring to those who prefer obeying the law as "Hater's and Hateful". Defendant Lizzette Alameda Zubey repeatedly creates and promotes conflict for profit. (see Exhibit J - El Grito Legal Newsletter - el_ grito_newsletter_feb_08.pdf)

(c.) Defendant MGM MIRAGE, Defendant MGM Resorts International, Defendant STUDIO 54 Night Club and Defendant MGM Grand Hotel have established a pattern by which they purposely use the threat of costly, time-consuming litigation as a means to profit financially.

70. Defendant John L. Krieger (Law Partner at Defendant Law Firm Lewis and Roca) is/ was the Attorney representing Defendant MGM MIRAGE / Defendant MGM Resorts International, Defendant Studio 54 Nightclub and Defendant MGM Grand Hotel during this ordeal.

71. Defendant John Krieger is allegedly experienced in protecting Defendant John L. Krieger's clients. According to information available on Defendant Lewis and Roca's web site,

> *"Mr. Krieger has also assisted and counseled clients in defensive domain name registration strategies to protect his (Defendant John L. Krieger's) client's trademarks in the U.S. and around the world.*

(see Exhibit D - krieger_strategy_fails_mgm)

72. It appears Defendant John L. Krieger, Esq., Defendant Lizzette Alameda Zubey, Esq. and Defendant Lewis and Roca failed to protect a number of their clients' trademarks. Plaintiff is NOT responsible for Defendants failure to register STUDIO54.MOBI during the "Sunrise Period" reserved exclusively for Trademark holders. Plaintiff registered Internet Domain Name STUDIO54.MOBI during the "Landrush" / "General" registration period. Plaintiff should NOT be harassed, sued, threatened and coerced for registering an Internet Domain Name during a General Registration Period.

## COUNT TWO

### ( Declaratory Relief )

Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein, at

length. An actual and justifiable controversy has arisen and now exists between the parties herein which requires a judicial declaration by the Court.

Plaintiff contends, is informed and believes that Defendants dispute one or more of the following:

( A. ) Whether Defendants had sufficient cause to initiate legal action against Plaintiff.

( B. ) Whether Plaintiff's was required to sign Defendants' contract.

( C. ) Whether a signed contract which included a "Confidentiality Agreement" was required by law to execute transfer of Internet Domain Name STUDIO54.MOBI to Defendants.

( D. ) Whether Defendants used coercion, extortion and threats against Plaintiff as a means to terrify and harass Plaintiff into submission to Defendants' will.

( E. ) Whether Defendants employed threats, as well as their Unnecessary Six Count Federal Lawsuit, as a means to harass, embarrass, demean, coerce, extort and intimidate Plaintiff into submission to Defendants' will.

( F. ) Whether Defendants attempted to use a United States Federal Court and the financial expense associated with Defendants' prosecution of Defendants' Six Count Federal Lawsuit against Plaintiff as a "Tool of Economic Warfare" in Defendants' malicious prosecution of false charges filed against Plaintiff.

A judicial determination is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain Plaintiff's rights. Plaintiff will otherwise suffer great financial harm.

### The Law

73. Plaintiff believes Defendants actions constitute violation(s) of section 901(a) of the Organized Crime Control Act of 1970 (Pub.L. 91-452, 84 Stat. 922, enacted October 15, 1970). RICO is codified as Chapter 96 of Title 18 of the United States Code, 18 U.S.C. § 1961–1968.

74. Defendants' unwarranted threats, coercion, extortion as well as the filing of (and refusal to dismiss with prejudice) Defendants' unnecessary Six Count Federal Lawsuit is evidence supporting Plaintiff's allegations.

75. The aforementioned, coupled with Defendant's dubious claim(s) of alleged ownership of

Trademark(s), Etc. are evidence supporting Plaintiff's claims. Defendants have established a pattern of behavior designed to harass, intimidate and manipulate via threat(s), coercion, extortion and the related use of State and Federal Courts to enrich themselves, control political debate, and manipulate society. Defendants use the Judicial System to create controversy by which the benefit financially and personally.

<u>DAMAGES</u>

72. Defendants' conspiracy to Harass, Threaten and Coerce Plaintiff by and through the Malicious filing of Defendants' Unnecessary Six Count Federal Lawsuit caused and continues to cause personal and financial injury to Plaintiff, Plaintiff's Small Business and Plaintiff's Ministry. Defendants used financial profits from their illegal activities to harass, intimidate and coerce Plaintiff into acquiescence to Defendants' will.

(a.) Plaintiff has closed Plaintiff's Christian Apparel Business due to financial circumstances brought about by and through Defendants' unlawful actions.

(b.) Plaintiff has closed Plaintiff's Web Design Business due to financial circumstances brought about by and through Defendants' unlawful actions.

(c.) Plaintiff has lost Business Investments estimated to have been valued between $80,000 and $1,500,000.

(d) Plaintiff's Ministerial Endeavors have been limited due to Defendants' unlawful actions.

(e.) Plaintiff no longer trusts anyone as a result of Defendants' unlawful actions.

(f.) Plaintiff and Plaintiff's Wife filed for divorce as means to protect Plaintiff's Wife from Malicious Legal Action by Defendants.

(g.) Plaintiff's reputation has been severely damaged as a result of Defendants' wrongful actions.

74. The RICO Act provides for treble damages and an injured person can recover threefold the damages.

> "Where a plaintiff has sustained actual damages, he may obtain punitive damages by showing that the defendants acted with gross fraud, wantonness, maliciousness, or willful disregard for the rights of others."
> *Al-Kazemi v. General Acceptance & Inv. Corp., 633 F. Supp. 540 (D.D.C. 1986).*

*Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.*
*See 18 USC 1964(c).*

76. The injured person is also entitled to costs and a reasonable attorney's fee.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, and each of them, on final trial of this cause, as follows:

1. Plaintiffs seek treble damages for financial losses incurred as a result of Defendant's wrongful actions.

2. Plaintiffs seeks compensation for damage to Plaintiffs' reputations

3. Plaintiffs seeks compensation for damage to Plaintiff's Ministry

4. Plaintiffs seeks compensation for damage to Plaintiff's Business

5.. Plaintiffs demands a jury trial.

DATED: September , 09 , 2011

Respectfully submitted,

Anthony Camboni                    Shannon Chaboudy

Dated this 9th day of September, 2011.

Anthony Camboni                    Shannon Chaboudy
7239 E. Pueblo Ave.                7239 E. Pueblo Ave.
Mesa, AZ 85208                     Mesa, AZ 85208

The ORIGINAL of the foregoing filed
this 9th day of September, 2011, with

Clerk of the United States Federal Court
For The District Of Arizona
401 West Washington Street
Phoenix, AZ 85003

**A COPY** of the foregoing to be
served upon Defendants

Anthony Camboni
Shannon Chaboudy
7239 E. Pueblo Ave.
Mesa, AZ 85208
Plaintiff
Dated this 9th day of September, 2011.

Anthony Camboni
Shannon Chaboudy
7239 E. Pueblo Ave.
Mesa, AZ 85208
Plaintiffs

Racketeer Influenced Corrupt Organizations - 16 17 A.C.