**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Camboni, | No. CV11-1784-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| MGM Grand Hotel, LLC, et al., | |
| Defendants. | |

Plaintiff has filed a number of motions. The Court will address them separately.

1. Plaintiff has filed a motion for clarification. Doc. 8. Plaintiff states that he has received notification from the Court that his First Amended Complaint is not in a proper form, and asks for clarification as to which rules the Court has in mind. Plaintiff apparently is referring to a stamp placed on his First Amended Complaint by the Clerk's Office. *See* Doc. 7. This stamp refers to Local Rule of Civil Procedure 7.1(b). Because the First Amended Complaint has not been rejected by the Court, however, Plaintiff need not revise his First Amended Complaint in response to this stamp, but he should follow the Local Rules in future filings. Plaintiff's motion asks that he be excused from compliance with the Federal Rules of Civil Procedure. This request is denied. Plaintiff, like any other litigant, must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

2. Plaintiff has filed a motion for extension of time to complete service of his summons and complaint. Doc. 9. Plaintiff's complaint was filed on September 9, 2011. Doc. 1. The complaint arises out of a lawsuit in which Plaintiff was named as a

Defendant and was sued for cybersquatting and trademark violations. The lawsuit was brought by the MGM Defendants in this case, represented by the Lewis & Roca Defendants in this case. Plaintiff alleges that MGM and its attorneys engaged in racketeering when they brought and ultimately settled the lawsuit against him.

Plaintiff apparently made no attempt to serve the complaint during the initial 120 days allowed by Rule 4(m) of the Federal Rules of Civil Procedure. On December 28, 2011, Plaintiff filed a motion for extension of time to complete service, stating that he recently had experienced a job transfer and relocation. He stated that the transfer was announced on December 23, 2011. Doc. 3 at 2. The Court denied Plaintiff's request for a 90-day extension, but granted an additional 30 days to complete service. Doc. 4. The Court's order specifically stated that "**[t]he Court will not grant further extensions absent truly extraordinary circumstances**." *Id.* (emphasis in original). Service was due by February 10, 2012. *Id.*

Plaintiff apparently made no attempt to serve the complaint during the extended period. On February 10, 2012, Plaintiff filed a second motion for additional time. Doc. 5. Plaintiff asserted that he had not been able to obtain addresses for several Defendants, that he was not familiar with the rules regarding service of process outside of Arizona, and that he was having some health problems. Plaintiff stated that he would retain a licensed process server to complete service. *Id.* at 2. As a result, the Court granted Plaintiff an additional 30 days to complete service. The deadline was March 12, 2012. The Court stated that it would "**not grant further extensions to this deadline**." *Id.* (emphasis in original).

Plaintiff's motion now seeks a third extension of time to serve Defendants Zubey, Van Winkle, and Cardenas. Plaintiff asserts that these individuals have evaded service by his licensed process server. The documents filed by the process server, however, show that he did not attempt service until approximately two weeks before the twice-extended deadline. *See* Docs. 10, 11, 12. The process server was unable to personally

serve the individual Defendants during this final two week period.

Rule 4(m) provides that the Court "shall extend the time for service upon a showing of good cause." Fed. R. Civ. P. 4(m). Good cause generally will be found only in "exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003). Mistake, neglect, and inadvertence generally cannot support a showing of good cause. *Lapone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). The docket in this case suggests that Plaintiff made no effort to serve Defendants during the initial 120-day period allowed by Rule 4(m). Although Plaintiff asserted that a job change interfered with service, the job change did not occur until December 23, 2011, some three and one-half months after Plaintiff had filed his complaint. The docket further suggests that Plaintiff made no attempt to serve Defendants during the first 30-day extension, despite the Court's explicit warning that it would not grant further extensions absent truly extraordinary circumstances. Doc. 4. The Court granted Plaintiff one additional 30-day extension, stating emphatically that no further extensions would be granted, and yet Plaintiff waited until the last two weeks of the extended period to begin attempting service of process. Doc. 10-12.

Plaintiff has not shown good cause. Plaintiff has not acted diligently in seeking to serve Defendants. Although Plaintiff alleges that Defendants evaded service, the facts set forth in the response suggest otherwise. *See* Doc. 14. Because Plaintiff has not shown good cause and this case is now more than six months old, Plaintiff's request for a third extension will, in the Court's discretion, be denied. The Court will dismiss without prejudice the claims against Defendants Zubey, Van Winkle, Cardenas, and their spouses. *See* Fed. R. Civ. P. 4(m).

3. Plaintiff has filed a motion for recognition and understanding. Doc. 16. The motion asks the Court to recognize Plaintiff as "an Ambassador of a Kingdom which has been recognized by the Citizens, Founders, Leaders, Courts and Government of The

United States." *Id*. at 1.  The kingdom Plaintiff refers to is a divine kingdom, and Plaintiff supports his assertion by reference to various scriptures from the Bible.  Plaintiff asserts that because of his status as "an Ambassador of an Officially-Recognized Kingdom" he "cannot be compelled to deposit filings which conform to the FRCP and/or local rules." *Id*. at 2.

Plaintiff cites no authority for the proposition that his religious beliefs constitute a basis for failing to comply with the Federal Rules of Civil Procedure or the Court's Local Rules.  Nor does Plaintiff explain how these rules conflict with his religious beliefs.  As already noted, pro se litigants "must follow the same rules of procedure that govern other litigants." *King*, 814 F.2d at 567.

The Court and opposing counsel respect Plaintiff's religious beliefs.  Opposing counsel has stated that they will extend reasonable accommodations to Plaintiff if deadlines or other scheduling matters interfere with a day of religious observance.  Doc. 26.  But the Court will not excuse Defendant's compliance with the federal and local rules.  Defendant's motion will therefore be denied.

4. Plaintiff has filed a motion to extend time.  Doc. 34.  The motion does not specify the time period Plaintiff wishes to have extended, but it appears Plaintiff may be referring to motions to dismiss filed by Defendants.  *See* Docs. 27, 28.  Plaintiff's responses to the motions were due on April 13, 2012, the day he filed his motion to extend.  The Court will grant Plaintiff's motion in part.  Plaintiff shall respond to the motions to dismiss (Docs. 27, 28) on or before **June 1, 2012**.  To the extent the motion asks the Court to demand that the Arizona Attorney General or a Justice of the Arizona Supreme Court explain their actions, the motion is denied.  Those individuals are not parties to this lawsuit.

5. Plaintiff has filed a motion to extend the time to reply to Defendants' response to Plaintiff's motion for extension of time.  Doc. 37.  Plaintiff easily could have drafted a reply in the time it took him to draft his six-page motion for extension of time.

The motion will be denied. To the extent Plaintiff requests an opportunity to meet with the MGM Defendants without the participation of their counsel, the motion is denied.

**IT IS ORDERED:**

1. Plaintiff's motion for clarification (Doc. 8) is **denied**.
2. Plaintiff's motion for extension of time to complete service (Doc. 9) is **denied**. The claims against Defendants Zubey, Van Winkle, Cardenas, and their spouses are dismissed without prejudice.
3. Plaintiff's motion for recognition and understanding (Doc. 16) is **denied**.
4. Plaintiff's motion for extension of time (Doc. 34) is **granted in part and denied in part**. Plaintiff shall respond to the motions to dismiss (Docs. 27, 28) on or before **June 1, 2012**.
5. Plaintiff's motion for extension of time to file reply (Doc. 37) is **denied**.

Dated this 9th day of May, 2012.

_____
David G. Campbell
United States District Judge