**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Camboni,<br><br>              Plaintiff,<br><br>v.<br><br>MGM Grand Hotel, LLC, et. al.,<br><br>              Defendants. | No. CV11-1784-PHX-DGC<br><br>**ORDER** |

Plaintiff Anthony Camboni filed a first amended complaint ("FAC") alleging Racketeer Influenced and Corrupt Organizations ("RICO") violations and requesting treble damages and an injunction against Defendants MGM Grand Hotel, LLC and several named affiliates (collectively, "MGM"), and MGM's legal counsel, Lewis & Roca, LLP, and several of its attorneys and their spouses (collectively, "Lewis & Roca").[1] Doc. 7. MGM and Lewis & Roca (collectively, "Defendants") have filed separate motions to dismiss, principally on the grounds that Mr. Camboni has failed to state any cognizable legal claim. Docs. 27, 28. The motions have been fully briefed (Docs. 41, 42; 40, 43) and no party has requested oral argument. For the reasons that follow, the Court will grant Defendants' motions and dismiss Mr. Camboni's complaint with prejudice.

---

[1] The claims against Defendants Zubey, Van Winkle, Cardenas, and their spouses were dismissed after Plaintiff failed to serve them despite two extensions of the time. Doc. 39 at 5. Lewis & Roca's motion to dismiss is filed on behalf of Lewis & Roca, LLP and attorney John L. Krieger.

**I.      Background.**

The allegations in the FAC concern actions taken by Defendants MGM and its lawyers in connection with a prior lawsuit filed against Plaintiff on September 11, 2007. *See MGM Grand Hotel, LLC v. Camboni*, 2:07-cv-01739-DGC, Doc. 1.  In that suit, MGM sued Plaintiff for cybersquatting and trademark infringement arising from his October 30, 2006 registration of the internet domain name studio54.mobi, which MGM alleged infringed on its STUDIO 54 trademark and its studio54.com domain name.  *Id.*

Prior to MGM filing suit, GoDaddy – the registrar of Plaintiff's domain name – contacted Plaintiff regarding the possible trademark issues and directed Plaintiff to MGM's legal counsel at Lewis & Roca, Defendant John L. Krieger.  Doc. 7, ¶ 61. Plaintiff alleges that he called Mr. Krieger and voluntarily began redirecting internet traffic from studio54.mobi to studio54.com.  *Id.*, ¶ 62.  Thereafter, MGM – acting through Mr. Krieger – sent Plaintiff a contract proposal to transfer the domain name to MGM.  *Id.*, ¶ 67.  Plaintiff requested that MGM strike a confidentiality clause from the contract, but MGM declined, and Plaintiff consequently refused to sign, prompting MGM to file suit.  *See Id.*, ¶¶ 68-76.

MGM's suit ended pursuant to a stipulation by the parties on October 2, 2007, in which the Court ordered that GoDaddy transfer to MGM "all right, title and interest in the domain name studio54.mobi" and that Mr. Camboni "shall have no further right, title or interest in the domain name."  *MGM Grand Hotel*, 2:07-cv-01739-DGC, Doc. 8 at 1. The Court dismissed the claims of both parties without prejudice.  *Id.*

Plaintiff initiated this action on September 9, 2011, nearly four years after dismissal of the prior lawsuit. Doc. 1.  Plaintiff alleges that MGM, acting through Lewis & Roca, made phony trademark claims and "received transfer of Internet Domain Name STUDIO54.MOBI from Plaintiff due to deception, threats, coercion and misuse of Judicial Process"  *Id.*, ¶¶ 56, 74, 79, 107.  Plaintiff seeks a declaration regarding a number of actions taken by MGM and Lewis & Roca in connection with the prior lawsuit "so that Plaintiff may ascertain Plaintiff's rights" (Doc. 7, ¶¶ 134-35), and compensation

for Defendants' actions, which Plaintiff alleges were in violation of federal RICO statutes. *Id.*, ¶¶ 136-205.

Defendants ask the Court to dismiss Plaintiff's complaint with prejudice on a number of grounds, including that Plaintiff's RICO claim is time-barred, Plaintiff fails to plead facts to support the elements of a RICO claim, and Plaintiff's request for an injunction fails because the RICO claim fails.

## II.   Legal Standards.

### A.   Failure to State a Claim.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B.   RICO.

The RICO statute, 18 U.S.C. § 1961-1968, provides both criminal and civil causes of action. To bring a civil RICO claim, a person must be "injured in his business or property" by violations of Section 1962. 18 U.S.C. § 1964(c). This section defines four types of closely-related, prohibited conduct. *See id.* at § 1962(a)-(d). All of these violations involve using or conspiring to use a "pattern of racketeering activity." *Id.*

- 3 -

"'Racketeering activity' means . . . any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance" that is an offense under state law "and punishable by imprisonment for more than one year" or an act that is indictable under any listed federal statute. 18 U.S.C. § 1961(1). *See Klehr v. A. O. Smith Corp.*, 521 U.S. 179, 183 (1984) ("The phrase 'racketeering activity' is a term of art defined in terms of activity that violates other laws, including more than 50 specifically mentioned federal statutes[.]"). A "'pattern of racketeering activity' requires at least two acts of racketeering activity, . . . the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5).

**III.   Defendants' Arguments.**[2]

    **A.   Plaintiff's Claims are Time-Barred.**

Defendants argue that the four-year statute of limitations for RICO claims bars Plaintiff's only substantive claim because, under Ninth Circuit precedent, the limitations period begins to run "when a Plaintiff knows or should have known of the injury that underlies his cause of action." Doc. 28 at 5-6. Defendants argue that Plaintiff's alleged injury stems from their refusal to settle MGM's trademark dispute without a confidentiality clause on April 27, 2007, more than four years before Plaintiff filed this action. Doc. 28 at 5-6.

Defendants correctly state the statute of limitations for Plaintiff's RICO claim. Doc 28 at 5 (quoting *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) ("the statute of limitations for civil RICO actions is four years.") (citing *Agency Holding Corp. v. Malley-Duff & Associates, Inc.,* 483 U.S. 143, 156, (1987)). Defendants also correctly note that the statute begins to run "when a Plaintiff knows or should have known of the injury that underlies his cause of action." *Pincay*, 238 F.3d at 1108 (quoting *Grimmett v.*

---

[2] MGM and Lewis & Roca make nearly identical arguments in their motions regarding the reasons Plaintiff's claim should be dismissed. The Court will therefore address these arguments collectively, but cite only to the relevant page numbers in MGM's motion.

- 4 -

*Brown*, 75 F.3d 506, 511 (9th Cir. 1996) (reaffirming the Ninth Circuit's long-standing application of the "injury discovery" rule to civil RICO claims even where a plaintiff had not yet discovered the "pattern" element necessary to complete her claim)). Whether Plaintiff's RICO claim is time-barred depends on whether the alleged injury underlying Plaintiff's cause of action occurred and was known to Plaintiff in April of 2007 when the trademark dispute was not settled, or whether it was discovered only when Defendants filed suit against Plaintiff on September 11, 2007, less than four years before Plaintiff's filing of this lawsuit on September 9, 2011.

The FAC generally alleges "threats, coercion, extortion, harassment" and "misuse of judicial process" as the basis for Plaintiff's RICO claim. *See, e.g.,* Doc. 7, ¶¶ 138, 139, 153, 175, 177. The FAC specifically identifies Defendants' refusal to remove the confidentiality clause from the proposed settlement contract and Mr. Krieger's email response to Plaintiff's objection on April 27, 2007 that "I'd hate for us to get unnecessarily embroiled in a lawsuit" as threatening acts that injured Plaintiff by keeping him from using his property. *Id.*, ¶¶ 70, 73-74. The FAC elsewhere points to the filing of the lawsuit and Defendants' subsequent refusal to dismiss the suit with prejudice as evidence of alleged threats, harassment, and coercion. *See, e.g.*, *id.*, ¶¶ 100, 109, 110. As Defendants argue, however, these actions are all "part of the same interrelated scheme." Doc. 28 at 6. Plaintiff likewise insists in his response that "Defendants' actions must be viewed as an ongoing conspiracy, rather than a series of unrelated events." Doc. 40 at 17. Thus, under Ninth Circuit precedent, the statute of limitations began to run when Plaintiff first claimed to have known of and experienced injury from Defendants' alleged scheme: no later than April 27, 2007, more than four years before Plaintiff filed his complaint.

Plaintiff insists that his RICO claim was timely filed. Doc. 40 at 17. But Plaintiff offers no explanation or argument for this assertion. To the extent that Plaintiff may seek to date his cause of action from the filing of Defendants' lawsuit on September 11, 2007, this date is inconsistent with allegations in the FAC and Plaintiff's own statement discussed above. Moreover, any argument that the filing of the prior lawsuit and

Defendants' actions related to that litigation effectively "restarted" the limitations period is foreclosed by the Supreme Court's ruling in *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 187 (1997). *Klehr* expressly rejected the "last predicate act rule" on the grounds that it allowed for a potentially indefinite extension of the statute of limitations for RICO claims based on a series of predicate acts, an approach that clearly was "longer than Congress could have contemplated." *Id.*

In sum, under relevant Ninth Circuit and Supreme Court precedent, Plaintiff had four years to file his complaint after he first became aware of his alleged injury. Plaintiff failed to comply with this requirement. Plaintiff's RICO claims are time-barred.

### B. Plaintiff Fails to Allege the Required Elements of a RICO Claim.

Even if Plaintiff's claims were timely, Defendants argue, and the Court agrees, that Plaintiff fails to state a RICO claim. Doc. 28 at 7-13. The FAC fails to identify the particular subsection of § 1962 that serves as the basis for Plaintiff's claim. The FAC does, however, purport to show the following elements: (1) the existence of an enterprise, (2) derivation of income from a pattern of racketeering activity, (3) the use of such income in acquiring or operating the enterprise, and (4) an injury to Plaintiff that flows from the use or investment of racketeering income. Doc. 7, ¶¶ 148-174.

Defendants infer that Plaintiff attempts to make a claim under § 1962(a), which states in relevant part:

> It shall be unlawful for any person who has received any income derived . . . from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in . . . interstate or foreign commerce.

18 U.S.C. § 1962(a). To make a civil claim, Plaintiff must also show causally-related injury to his business or property. 18 U.S.C. § 1964(c). Defendants argue that Plaintiff's claim fails for a number of reasons, including that there is no plausible criminal enterprise or pattern of racketeering activity, and Plaintiff has shown no damages causally related to Defendants' alleged actions. Doc. 28 at 8-13.

The Court need not address all of Defendants' arguments, nor is it necessary to determine whether Plaintiff attempts to state a claim under § 1962(a) or another subsection of § 1962. As stated in the legal standards above, all four closely-related subsections of § 1962 require a "pattern of racketeering activity" defined by predicate violations of state or federal law. Plaintiff fails to allege facts showing violations of any state or federal law.

Plaintiff's repeated allegations of threats, coercion, extortion, harassment, and misuse of judicial process are legal conclusions not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 680. The factual allegations upon which these claims rest are, in essence, that MGM and its lawyers insisted on a confidentiality agreement in the proposed contract to settle the trademark infringement and domain-name disputes with Plaintiff (Doc. 7, ¶¶ 67-70); that when Plaintiff refused to sign, Defendants threatened to and did file suit (*id.*, ¶¶ 70, 76); that Defendants sought a temporary restraining order against Plaintiff (*id.*, ¶¶ 84-85); that Defendants repeatedly refused Plaintiff's offers to transfer the domain name absent a confidentiality agreement (*id.*, ¶¶ 103-105); and that Defendants refused to dismiss their suit with prejudice (*id.*, ¶ 106). Additionally, the FAC purports to rely on Defendants' filing of other trademark-related lawsuits as evidence of the pattern of racketeering activity required for a claim under RICO. *Id.*, ¶¶ 150-53, 175, 184.

Taken as true, these allegations fail to support Plaintiff's claim that Defendants engaged in a pattern of racketeering activity. There simply is no requirement that a party seeking to vindicate its federally-protected trademark and domain name rights comply with the other party's conditions for settlement before bringing suit. Nor is there anything criminal about a corporate entity filing suit under applicable federal law and using lawyers to litigate trademark infringement and cybersquatting claims. To the contrary, as Defendants point out, trademark owners have a duty to police the market and protect their trademarks. *See* 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 11:91 (4th ed. 2010) (citing cases); *Proctor & Gamble v. Johnson*

*& Johnson, Inc.*, 485 F.Supp. 1185, 1207 (S.D.N.Y. 1979) ("[Procter & Gamble] cannot be faulted for zealously protecting [its] trademark interest. Indeed, the trademark law not only encourages but requires one to be vigilant on pain of losing exclusive rights.").

To the extent Plaintiff wishes to dispute the merits of Defendants' prior suit (*see, e.g.*, Doc. 7, ¶¶ 56, 59, 154), or to seek sanctions on the ground that Defendants violated Rule 11 by filing meritless claims (*id.*, ¶¶ 9-11), the place for doing so was in the prior litigation. Instead, Plaintiff waited nearly four years after the settlement and stipulated dismissal of the prior action to assert a substantively baseless RICO claim. Plaintiff fails to state a claim upon which relief can be granted.

### C. Plaintiff's Declaratory Judgment Claim Fails.

Defendants argue that Plaintiff's request for an injunction fails because it is premised on Plaintiff's RICO claim, and, when a complaint's substantive claims are dismissed, claims for declaratory relief based on those claims must also be dismissed. Doc. 28 at 15 (citing *Jones v. ABN Amro Mortg. Group, Inc.*, 606 F.3d 119, 126 n.5 (3d Cir. 2010) ("Because the District Court properly dismissed the Joneses' substantive claims, the claim for a declaratory judgment was also properly dismissed.")); *Id.* at 15, n. 17 (citing additional cases). In the alternative, Defendants argue that to the extent Plaintiff asserts a free-standing interest in declaratory relief, there is no longer any outstanding controversy between the parties to warrant such relief. *Id.* at 15-16.

Plaintiff responds that his claim for declaratory relief is based on an ongoing controversy because Defendants perpetrated fraud on the Court in the prior action and that fraud has not been resolved. Docs. 40 at 22; 41 at 23. The FAC requests a declaration that "Plaintiff was not engaged in any activity that infringed upon alleged trademark rights held by MGM Defendants[.]" Doc. 7 at 32. The body of the FAC enumerates other issues upon which Plaintiff requests a judicial determination, such as whether Plaintiff was required to sign Defendants' contract and whether Defendants used coercion to get Plaintiff to agree to their demands. *Id.*, ¶ 134(a)-(f). In short, Plaintiff asks the Court to adjudicate issues related to a lawsuit resolved by stipulation nearly four

years ago. Plaintiff's RICO claims provide no basis for such re-litigation of a dismissed action, and the FAC identifies no other substantive basis for such relief. The Court will therefore dismiss Plaintiff's request for declaratory judgment.

### D. The Dismissal Will Be With Prejudice.

Defendants argue that Plaintiff's FAC should be dismissed with prejudice because its deficiencies cannot be cured by amendment. Doc. 28 at 16-17. Plaintiff argues that he is not an attorney and the Court must provide him the opportunity to correct any alleged deficiencies. Doc. 40 at 3, 16. Plaintiff also argues that dismissal without leave to amend will not serve the cause of justice. *Id.*

Rule 15 of the Federal Rules of Civil Procedure declares that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While "this mandate is to be heeded," leave to amend may be denied if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Ninth Circuit, pro se litigants are entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, the Court finds it absolutely clear that the deficiencies of Plaintiff's complaint cannot be cured by amendment. As previously discussed, Plaintiff's RICO claim is barred by the statute of limitations. What is more, Defendants' filing of the prior lawsuit to pursue MGM's federally-protected rights simply does not constitute a violation under any state or federal law. Plaintiff lacks any viable claim for an award of damages or injunctive relief, and the Court therefore will dismiss the FAC with prejudice. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile, . . . or where the amended complaint would be subject to dismissal.") (citations omitted); *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.") (citation omitted).

**IV.  Additional Matters.**

   **A.  Plaintiff's Exhibits.**

Defendants argue that the Court, in ruling on their motion to dismiss, should disregard the more than 120 pages of newspaper articles, print-outs from websites, and emails that Plaintiff attaches to the FAC because none of them constitutes a "written instrument" for purposes of Federal Rule of Evidence 10(c).  Doc. 28 at 3-4, 4 n. 4, 5.  "A 'written instrument' within the meaning of Rule 10(c) 'is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement.'" *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001) (quoting *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F. Supp. 1108, 1115 (W.D.N.Y. 1996)).  The Court agrees that Plaintiff's attachments do not constitute "written instruments" for purposes of Rule 10(c) and should be disregarded.  The Court has not relied upon them in this order.

   **B.  Other MGM Entities.**

MGM argues that of the four named MGM Defendants, only MGM Grand Hotel, LLC was involved in filing the lawsuit that serves as the basis for Plaintiff's complaint and that the other named MGM entities should be dismissed.  Doc. 28 at 13-14.  The Court finds no mention of the other named entities in the allegations of wrongdoing in the FAC and agrees that absent any allegations against them, these parties should be dismissed.  Because the Court is dismissing the FAC with prejudice, the Court need not separately dismiss the improperly named MGM parties.

   **C.  MGM's Motion to Strike Portions of Plaintiff's Response.**

MGM argues in its reply that Plaintiff's response fails to address the legal arguments in MGM's motion, and instead engages in "lewd, personal, slights on undersigned counsel."  Doc. 43 at 1.  MGM states that these attacks should be stricken from the record.  *Id.*  MGM also states that the Court should strike pages 18-24 of Plaintiff's response because they exceed the page limit and Plaintiff was previously admonished that the Court would not excuse Plaintiff's failure to comply with the federal

and local rules. *Id.*, *see* Doc. 39 at 4.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court agrees that the portion of Plaintiff's response identified by MGM (Doc. 40 at 18: 15-20) consists solely of a lewd, personal attack on Lewis & Roca counsel and will strike this portion under Rule 12(f). The Court has already determined that Plaintiff's arguments in response to MGM's motion to dismiss lack merit and will deny as moot Defendant's request to strike pages 18-24.

### D. Plaintiff's Motion to Strike MGM's Reply.

Plaintiff filed a Motion to Strike MGM Defendants' Reply in Support of Motion to Dismiss the Amended Complaint. Doc. 44. Plaintiff argues that MGM's request to strike portions of Plaintiff's response is improper under Federal Rule of Civil Procedure 7 because it is not captioned as a "MOTION." Doc. 44 at 1-2. Plaintiff's motion is without merit. Local Rule 7(m)(2) expressly states that objections to evidence offered in support or opposition to a motion "must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike." LRCiv. 7(m)(2). MGM complied with this rule. Plaintiff offers no other basis for striking MGM's reply apart from his own disagreement with its content. Doc. 44 at 2-6. Plaintiff's motion will be denied.

**IT IS ORDERED:**

1. Defendants Lewis & Roca, LLP's and John L. Krieger's motion to dismiss (Doc. 27) is **granted**. Plaintiff's claims against these Defendants are dismissed with prejudice.

2. Defendants MGM's motion to dismiss (Doc. 28) is **granted**. Plaintiff's claims against these Defendants are dismissed with prejudice.

3. Defendants MGM's motion to strike is **granted in part** and **denied in part** as set forth in this order.

4. The Clerk of the Court is directed to **terminate** this matter.

Dated this 16th day of July, 2012.

_____
David G. Campbell
United States District Judge