**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Camboni, | No. CV11-1784-PHX DGC |
| Plaintiff, | **ORDER** |
| v. | |
| MGM Grand Hotel, LLC, et al. | |
| Defendants. | |

Plaintiff has filed a motion to amend his complaint. Doc. 47. The Court previously dismissed Plaintiff's complaint with prejudice. Doc. 45. The Court explained that pro se litigants are entitled to notice of a complaint's deficiencies and an opportunity to amend unless it is "absolutely clear that the deficiencies cannot be cured by amendment." *Id.* at 9. The Court concluded that it was absolutely clear in this case that the deficiencies of Plaintiff's complaint – untimely filing under the applicable four-year statute of limitations and Plaintiff's failure to allege any unlawful conduct – could not be cured by amendment. *Id.*

Plaintiff now asserts that he failed to plead several issues (Doc. 47 at 2), but he does not identify these issues or provide the Court with any basis to reconsider its prior judgment. Plaintiff argues excusable neglect because he is not a licensed attorney and he was faced with several life issues such as moving to a new city and selling his residence that kept him from devoting time to his complaint. Doc. 47 at 2-3. But Plaintiff has had more than ample time to make his claims. Plaintiff filed his complaint on September 9, 2011 – nearly eleven months ago – for alleged wrongful actions that took place more than

four years earlier. Doc. 1. Plaintiff filed an amended complaint on February 24, 2012 (Doc. 7), and received two extensions of time for completing service on Defendants and an extension of time to respond to the motion to dismiss. *See* Doc. 39. Plaintiff has received prior warnings that he must comply with the Federal Rules of Civil Procedure, including timely filing. *Id.* at 1, 4. Over the course of eleven months and an amended complaint, Plaintiff has failed to present any viable claims, and his motion to amend adds no information that would change this outcome. The Court will deny Plaintiff's motion to amend his complaint.

Plaintiff has also filed a motion to alter or amend judgment and motion for a new trial which the Court will construe as a motion for reconsideration. Doc. 48. Motions for reconsideration "are 'disfavored' and will be granted only upon a showing of 'manifest error' or 'new facts or legal authority that could not have been raised earlier with reasonable diligence.'" *In re Rosson*, 545 F.3d 764, 769 (9th Cir. 2008) (citation and brackets omitted); *see S.E.C. v. Kuipers*, No. 09-36016, 2010 WL 3735788, at *3 (9th Cir. Sept. 21, 2010); LRCiv 7.2(g)(1). Plaintiff does not meet this standard. Plaintiff asserts the same generalized reasons for excusable neglect that he asserted in his motion to amend, but he utterly fails to state any reason why the Court's prior order was in error or to provide any new facts or legal authority that would support Plaintiff's claims. The Court will deny Plaintiff's motion.

**IT IS ORDERED** that Plaintiff Anthony Camboni's motion to amend (Doc. 47) and motion to alter or amend judgment and motion for a new trial (Doc. 48) are **denied**.

Dated this 9th day of August, 2012.

_____
David G. Campbell
United States District Judge